UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFREY TREADWAY,

    Plaintiff,

    v.   CAUSE NO. 3:19-CV-1190-DRL-MGG

TUSTISON, et al.,

    Defendants.

OPINION AND ORDER

Jeffrey Treadway, a prisoner without a lawyer, filed a complaint against two correctional officers. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*. (internal quotation marks and citation omitted).

Mr. Treadway is currently incarcerated at the Indiana State Prison. He has sued Mr. Tustison, Sgt. (Sgt. Tustison) and Mr. Blood, Officer (Officer Blood) for monetary damages for events that occurred on July 9, 2019. The incident began when Mr. Treadway hit Officer Blood, but he alleges his "little left jab to Officer Blood was not much of an assault. When I struck him he just looked at me and said is that all you got?" ECF 1 at 4. Officer Blood laughed, telling him to turn around and cuff up. Mr. Treadway complied.

Sgt. Tustison then approached him while he was facing the wall with his hands cuffed behind his back and said, "So you like to hit my officers in the mouth." *Id*. at 2. Before Mr. Treadway could reply, Sgt. Tustison pushed his face into the metal fencing around the stairs. Sgt. Tustison proceeded to squeeze the handcuffs as tight as he could around Mr. Treadway's wrists, forced him to bend over, and marched him down the range. Mr. Treadway alleges it was very difficult to walk that way due to a preexisting shoulder injury. He claims that, to this day, his hands are still numb from the tightness of the handcuffs. At one point during the march, Mr. Treadway's glasses fell off his face. He asked for them to be picked up, but Sgt. Tustison replied, "F.U. and your glasses B--ch." *Id*. at 3. He alleges he did not receive his glasses back for 131 days. Mr. Treadway continued to plead with Sgt. Tustison to let him walk upright because he was in pain, but he refused. When they arrived at the front door of the unit, Sgt. Tustison smashed his face into the brick doorway. They continued to walk that way for 65–75 yards. When they arrived at the door to the restricted housing unit, Sgt. Tustison smashed Mr. Treadway's

2

face into the wall or doorway again, and he passed out. He regained consciousness as a nurse was taking his blood pressure. He pleaded with her to help him. Instead, both the nurse and Sgt. Tustison left, and he was locked in the holding cell for 30–40 minutes.

Sgt. Tustison then returned alone and told Mr. Treadway to stand up. Mr. Treadway struggled to get up because his hands were still cuffed behind his back, his left eye was swollen and cloudy, and he was having trouble breathing. When he finally did get up, Sgt. Tustison struck him on the side of his head and knocked him back down. Sgt. Tustison then proceeded to roll Mr. Treadway onto his right side and "pound [his] left ribcage with 20 to 25 fast, short hits." *Id*. at 4. Before he left the cell, Sgt. Tustison told Mr. Treadway that he would kill him if he ever touched another guard. Two unnamed guards arrived and transferred him to a cell where he remained for approximately three weeks.

The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Here, Mr. Treadway alleges Sgt. Tustison maliciously and sadistically slammed his head into walls and beat him—while tightly handcuffed—to cause him harm. Giving Mr. Treadway the inferences to which he is entitled at this stage, he has stated a plausible claim against Sgt. Tustison in his individual capacity for using excessive force against him in violation of the Eighth Amendment.

Mr. Treadway also alleges Officer Blood witnessed Sgt. Tustison beating him but failed to do anything about it. These allegations are insufficient to state a claim against Officer Blood for using excessive force directly against Mr. Treadway. That said, "officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which this circuit has long recognized. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). To prevail on such a claim, a plaintiff must establish that "the defendant[] had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). Giving Mr. Treadway the benefit of the inferences to which he is entitled at this stage, it is plausible Officer Blood had knowledge of the impending harm when he heard Sgt. Tustison say, "So you like to hit my officers in the mouth," and then witnessed him slam Mr. Treadway's head into the metal fence near the stairs and again against the brick doorway as he moved down the hallway. It can be inferred Officer Blood knew Sgt. Tustison was engaging in excessive force, had an opportunity to prevent him from using more force than was necessary as the attack progressed, but nevertheless failed to intervene. Thus, Mr. Treadway has stated a plausible Eighth Amendment claim against

4

Officer Blood in his individual capacity for failure to intervene, as least at this early pleading stage.

For these reasons, the court:

(1) GRANTS Jeffrey Treadway leave to proceed against Sgt. Tustison in his individual capacity for monetary damages for subjecting him to excessive force on July 9, 2019, in violation of the Eighth Amendment;

(2) GRANTS Jeffrey Treadway leave to proceed against Officer Blood in his individual capacity for monetary damages for failing to intervene in Sgt. Tustison's use of excessive force against him on July 9, 2019, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and, if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Tustison and Officer Blood at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service, if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. Tustison and Officer Blood to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Jeffrey Treadway has been granted leave to proceed in this screening order.

SO ORDERED.

April 27, 2021                                                    *s/ Damon R. Leichty*
                                                                  Judge, United States District Court