UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFREY TREADWAY,

        Plaintiff,

   v.                                   CAUSE NO. 3:19-CV-1190 DRL-MGG

TUSTISON *et al.*,

        Defendants.

## OPINION AND ORDER

Jeffrey Treadway, a prisoner without a lawyer, filed a motion for sanctions and default judgment pursuant to Federal Rule of Civil Procedure 11. Federal Rule of Civil Procedure 11 provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). If the court determines that a sanction is warranted, it "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The court "bear[s] in mind that such sanctions are to be imposed sparingly" *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003), and retains "considerable discretion in deciding whether to issue Rule 11 sanctions," *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 529 (7th Cir. 2020). The harsh sanction of dismissal is warranted and within the court's inherent powers under certain

circumstances, including when a party has "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. Western & Southern Life. Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (quoting *Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)). In all cases, "[t]he severity of the sanction should be proportional to the gravity of the offense." *Jackson v. Murphy*, 468 Fed. Appx. 616, 619 (7th Cir. 2012) (citations omitted).

Here, Mr. Treadway claims Joshua Wallen, an IDOC Grievance Specialist (Mr. Wallen), and the defendants' counsel, Eliot R. Blackburn (Attorney Blackburn), made false statements and provided false evidence "in an attempt to wrongfully secure summary judgment." ECF 29 at 1. He points to copies of documents attached to his complaint that were allegedly initialed by Mr. Wallen and later served on the defendants—an offender grievance stamped "received" on August 2, 2019 (ECF 8-3 at 4) and a copy of a request for interview stamped "received" on October 28, 2019 (ECF 8-3 at 1). Mr. Treadway claims these documents contradict the sworn testimony and evidence provided by Mr. Wallen in support of the defendants' summary judgment motion. Specifically, he claims the documents prove Mr. Wallen's statement that "Offender Treadway has never filed any informal or formal grievances or appeals related to either Sergeant Tustison or Officer Blood" is false. *See* ECF 17-1 at 8.

Nothing on the face of the documents referenced by Mr. Treadway directly contradicts Mr. Wallen's statement when they are read in conjunction with the rest of his declaration (ECF 17-1) and the applicable Offender Grievance Policy (ECF 17-2). Both the declaration and the policy state that a grievance specialist tasked with reviewing offender

2

grievances must either accept and log a tendered grievance or reject it if it fails to meet certain criteria outlined in the policy. ECF 17-1 at 3; ECF 17-2 at 9. A grievance can also be rejected if it is not filed within ten business days of the occurrence of the issue.[1] *Id*. If the grievance is rejected, the form is returned to the offender with an explanation as to why. ECF 17-1 at 4.

The offender grievance form referenced by Mr. Treadway is dated July 28, 2019, and it indicates the date of the incident involving the alleged use of excessive force at issue in this case was July 9 or 10, 2019. ECF 8-3 at 4. Either way, the grievance indicates it was filed beyond the ten-day window. Additionally, an undated, hand-written "grievance" (not provided on an official form) indicates he received a "reply" from Mr. Wallen to his original grievance noting it was rejected because he had submitted it "to[o] late," because he needed to be "more precise" with regard to the date, and because he had "not put in a[n] informal grievance first." *Id*. at 3. Mr. Treadway admits as much in his motion for sanctions when he states, "Mr. Wallen then sent this form back to offender Treadway along with State Form 45475 'Return of Grievance' because ([i]f Treadway remembers correctly because he lost this form) the grievance was filed outside the 10 day timeframe and there was no informal filed." ECF 29 at 3.

Based on these representations, Mr. Wallen's statement that Mr. Treadway did not "file" any grievances related to this case was not inaccurate because a rejected grievance

---

[1] The Warden may extend the deadline "[i]f there are extenuating circumstances which caused the offender a delay in submitting the grievance form within the time frames," the offender follows the procedures for requesting review, and certain other criteria are met. ECF 17-2 at 13.

would not have been considered filed. Moreover, Mr. Treadway's History of Grievances (ECF 17-3) would not necessarily have included a grievance that was rejected.[2] As such, Mr. Treadway has not shown that either Mr. Wallen, Attorney Blackburn, or the defendants willfully abused the judicial process or otherwise conducted litigation in bad faith. *Secrease*, 800 F.3d at 401. Therefore, his request for sanctions and default judgment will be denied.

Mr. Treadway also filed a "Motion to Stay Deadline to File Response to Motion for Summary Judgment." ECF 28. He requests that the response deadline be stayed until the court rules on the motion for sanctions. He also indicates he needs additional time to gain access to the law library to prepare his response. The defendants oppose this request, noting that the October 13, 2021 deadline for responding has already passed. *See* ECF 30 at 1 (citing ECF 26). However, Mr. Treadway's motion was filed prior to the expiration of the deadline. They also argue the motion should be denied in its entirety—leaving Mr. Treadway without an opportunity to file a response to the summary judgment motion—because his motion for sanctions and dismissal was unfounded and abusive. Taking into consideration his *pro se* status—and in the interests of justice—the court will give Mr. Treadway the benefit of the doubt and allow him to file a separate response to the defendants' motion for summary judgment. Although his request for a stay is now moot in light of the court's ruling, the response deadline will be extended.

---

[2] Although Mr. Treadway makes much of a request for interview form, dated October 28, 2019, wherein Wallen allegedly certified that the return of grievance form was in his records (*see* ECF 8-3 at 1), this does not negate the fact that a rejected grievance would not have been considered filed per the policy and procedures described above.

For these reasons, the court:

(1) DENIES AS MOOT the request for a stay but GRANTS the request for an extension of time (ECF 28);

(2) EXTENDS the deadline for Jeffrey Treadway to respond to the summary judgment motion to **November 19, 2021**; and

(3) DENIES the motion for sanctions and default judgment (ECF 29)

SO ORDERED.

October 20, 2021                                                  *s/ Damon R. Leichty*
                                                                              Judge, United States District Court