UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFREY TREADWAY,

    Plaintiff,

v.    CAUSE NO. 3:19-CV-1190-DRL-MGG

SGT. TUSTISON and OFFICER BLOOD,

    Defendants.

OPINION AND ORDER

Jeffrey Treadway, a prisoner without a lawyer, is proceeding in this case on one claim "against Sgt. Tustison in his individual capacity for monetary damages for subjecting him to excessive force on July 9, 2019," and on one claim "against Officer Blood in his individual capacity for monetary damages for failing to intervene in Sgt. Tustison's use of excessive force against him on July 9, 2019[.]" ECF 7 at 5. The defendants filed a summary judgment motion, arguing Mr. Treadway failed to exhaust administrative remedies before suing. The summary judgment motion is fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278,

282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused for failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). Accordingly, "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner

the forms necessary to file an administrative grievance." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016).

The defendants argue Mr. Treadway did not exhaust his administrative remedies prior to filing this lawsuit because he did not engage in any part of the Offender Grievance Process regarding the use of force on July 9, 2019. ECF 18 at 6. Specifically, the prison's Grievance Specialist attests Mr. Treadway has never filed any informal or formal grievances or appeals related to either Sgt. Tustison or Officer Blood. ECF 17-1 at 8. Moreover, the defendants submit Mr. Treadway's grievance history, which indicates he has not properly submitted any formal grievance since 2011. ECF 17-3.

In his response, Mr. Treadway concedes he did not exhaust his administrative remedies before filing this lawsuit. ECF 35. Instead, he argues the administrative remedies were unavailable to him because he was denied access to grievance forms. *Id*. Specifically, Mr. Treadway argues he was brought to the medical unit after the July 9 use of force and then transported directly to the restricted housing unit for approximately three weeks. *Id.* at 2. While in the restricted housing unit, Mr. Treadway informally grieved his complaint with Lt. Lasco and attempted to obtain a formal grievance form from Lt. Lasco, other correctional officers, and a counselor but was unable to obtain any forms. *Id.* at 3-4. Mr. Treadway eventually was moved out of the restricted housing unit and obtained and filed a formal grievance, which was returned as untimely and because Mr. Treadway did not provide proof of an informal grievance. ECF 35 at 4-5; ECF 1-1 at 4. Mr. Treadway lost the return of grievance form and attempted to obtain another copy

so he could correct and resubmit his formal grievance, but he was told he needed a court order to obtain another copy of the return of grievance form. ECF 35 at 5; ECF 1-1 at 1-3.

In their reply, the defendants do not dispute Mr. Treadway's assertion he was unable to obtain grievance forms while in the restricted housing unit. ECF 37. The court thus accepts it as undisputed. The defendants argue Mr. Treadway makes only conclusory allegations regarding his inability to obtain a grievance form, but Mr. Treadway has specifically alleged he was unable to obtain any grievance forms during his three-week stay in the restricted housing unit despite requesting the forms from Lt. Lasco, other correctional officers, and his counselor. Thus, because it is undisputed Mr. Treadway was denied access to grievance forms, the undisputed facts show the grievance process was unavailable to Mr. Treadway. The defendants have not met their burden to show failure to exhaust. *See Woodford*, 548 U.S. at 102; *Hill*, 817 F.3d at 1041.

For these reasons, the court DENIES the motion for summary judgment (ECF 17).

SO ORDERED.

January 20, 2022                                *s/ Damon R. Leichty*
                                                Judge, United States District Court