UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFREY TREADWAY,

    Plaintiff,

v.

SGT. TUSTISON *et al.*,

    Defendants.

CAUSE NO. 3:19-CV-1190-DRL

OPINION AND ORDER

Jeffrey Treadway, a prisoner without a lawyer, is proceeding in this case on two Eighth Amendment claims. ECF 7. First, he is proceeding "against Sgt. Tustison in his individual capacity for monetary damages for subjecting him to excessive force on July 9, 2019[.]" *Id.* at 5. Second, he is proceeding "against Officer Blood in his individual capacity for monetary damages for failing to intervene in Sgt. Tustison's use of excessive force against him on July 9, 2019[.]" *Id.* The defendants filed a summary judgment motion. ECF 57. With the motion, the defendants provided Mr. Treadway the notice required by N.D. Ind. L.R. 56-1(f). ECF 60. Attached to the notice were copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to statement of material facts, which includes a citation to evidence supporting each dispute of fact. On October 26, 2022, Mr. Treadway filed a motion requesting the defendants' summary judgment motion be denied because he

"was under the assumption we were done with" the summary judgment stage of the proceedings. ECF 61. The court denied Mr. Treadway's motion and granted him until November 18, 2022, to file a response to the defendants' summary judgment motion. ECF 62. This deadline passed over a month ago, but Mr. Treadway has not responded. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the

2

infliction of pain." *Id*. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Additionally, a bystander officer may be held liable for the excessive force of another officer if the bystander officer "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009).

The defendants provide affidavits in which they attest to the following facts. On July 9, 2019, Officer Blood was apparoached by Mr. Treadway while conducting a pipe walk. ECF 57-11 at 1. Mr. Treadway had missed the 1:00 a.m. "PDR" line, and asked Officer Blood what time his work line ran. *Id.* As Officer Blood attempted to answer Mr. Treadway's question, Mr. Treadway struck Officer Blood in the mouth with a closed fist. *Id.* After being struck, Officer Blood ordered Mr. Treadway to cuff up and called Sgt. Tustison for assistance. *Id.* Mr. Treadway complied and handcuffs were placed upon him. *Id.* Sgt. Tustison arrived once Mr. Treadway was already in handcuffs. *Id.* at 2; ECF 57-12 at 1. Sgt. Tustison called a Signal 7 so first responders would come to meet them. ECF 57-12 at 1. Officer Blood and Sgt. Tustison began escorting Mr. Treadway to the front of the cell house, at which time he became passive resistant and attempted to throw himself onto the floor. ECF 57-11 at 2; ECF 57-12 at 1. Sgt. Tustison and Officer Blood were able to escort Mr. Treadway to the front of the cell house and pass him over to another set of officers, who moved him to a different cell house. ECF 57-11 at 2; ECF 57-12 at 2. Officer

3

Blood and Sgt. Tustison filled out incident reports, and Mr. Treadway later pleded guilty at a disciplinary hearing to striking Officer Blood. *Id.* Officer Blood and Sgt. Tustison attest they did not assault or batter Mr. Treadway at any time. *Id.* Because Mr. Treadway did not respond to the defendants' summary judgment motion, the court accepts these statements as undisputed.

Here, there is no evidence by which a reasonable jury could conclude that either defendant violated Mr. Treadway's Eighth Amendment rights. First, there is no evidence Sgt. Tustison used excessive force against Mr. Treadway, as Sgt. Tustison attests the only force he used against Mr. Treadway was to escort him to the front of the cell house after he struck Officer Blood, submitted to hand restraints, and began passively resisting. Thus, the undisputed evidence shows Sgt. Tustison used only a reasonable amount of force to maintain and restore order, and there is no evidence he used any force maliciously and sadistically to cause harm. Second, because there is no evidence Sgt. Tustison committed any act that violated Mr. Treadway's constitutional rights, there is likewise no evidence Officer Blood failed to intervene to prevent that act from occurring. Accordingly, because there is no evidence by which a reasonable jury could conclude either defendant violated Mr. Treadway's Eighth Amendment rights, summary judgment is warranted in favor of both defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 57);

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Jeffrey Treadway.

4

SO ORDERED.

January 12, 2023                                     *s/ Damon R. Leichty*
                                                     Judge, United States District Court